UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Docket no. 2:19-cr-00030-GZS |
| MICHAEL LIBERTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' PRETRIAL DISCOVERY MOTIONS**

Before the Court are multiple pretrial discovery-related motions filed by Defendants Michael Liberty and Paul Hess. As noted below, each motion was made by one Defendant and then joined by the other. Therefore, the Court considers each motion to have been made jointly. The Court now issues the following rulings:

**Motion for Discovery – Brady & Giglio Materials (ECF Nos. 94 & 102)**

DENIED. In response to this Motion, the Government represents that it previously produced responsive interview notes and reports on April 3, 2019. (Gov't Response (ECF No. 125), PageID # 2454.) The Government further indicates that it will disclose "any other such evidence in its possession . . . in due course" when and if such materials are identified. (Id.) Thus, on the briefing presented, there is no showing that an order from this Court is required for Defendants to obtain the responsive discovery sought. See, e.g., United States v. Wright, No. 2:15-CR-61-DBH, 2015 WL 4665016, at *2 (D. Me. Aug. 6, 2015) ("[I]n this district, motions for immediate pretrial production of Brady and Giglio materials are routinely denied on the

government's representation that it will comply in due course with its obligation to provide such materials.") Therefore, this Motion for Discovery is DENIED without prejudice to Defendants renewing any request upon showing that the Government has not complied with the representations made in its Response.

**Motion for Early Disclosure of Jencks Act Materials (ECF Nos. 108 & 109)**

DENIED. The Jencks Act requires the Government to produce relevant statements of its testifying witnesses "after" the direct testimony of said witness. 18 U.S.C. § 3500(b). As noted in the Government's Response, the case law makes clear that the Court does not have the discretion to order early disclosure of Jencks material. See, e.g., United States v. Congo, No. 2:18-cr-193-JDL, 2019 U.S. Dist. LEXIS 144376, *2 (D. Me. Aug. 26, 2019) ("[I]t is not within this Court's discretion to compel early disclosure of Jencks Act material over the Government's objection as requested by the Defendant." (internal citation omitted)). Moreover, the Government has indicated a willingness to work with Defendants to engage in a reciprocal exchange of Jencks material in advance so as to avoid delay in any future proceedings. If these efforts do not yield a viable plan and Defendants remain concerned about delays during the upcoming trial, they are free to request a conference with the Court. However, on the current record, the Motion (ECF No. 108) is hereby DENIED.

**Motion for Order to Preserve & Produce Rough Notes (ECF Nos. 96 & 103)**

DENIED. Via this Motion, Defendants ask the Court to "order the Government to preserve and produce all rough notes made during the course of the investigation of this matter." (Def. Motion (ECF No. 96), PageID # 2184.) In response to this request, the Government first represents

that it has agreed to preserve all rough notes in its possession as of the date of Defendant's Motion. Given this representation, the Court agrees with the Government that the preservation request in Defendant's Motion is moot. The Court construes the production portion of Defendant's Motion as seeking the production of rough notes above and beyond what the Government would be required to produce under the Brady-Giglio-Jencks requests, upon which the Court has already ruled. On the record presented, Defendants have failed to articulate a basis for this Court to order production of any such rough notes. See Fed. R. Crim. P. 16(a)(2); see also United States v. Sepulveda, 15 F.3d 1161, 1179 (1st Cir. 1993) (holding that interview notes were not discoverable when not otherwise discoverable under Jencks). Therefore, the request for production is DENIED.

**Motion for Order to Produce Personnel Files of All Law Enforcement Personnel (ECF Nos. 101 & 106)**

DENIED. In its Response, the Government acknowledges "its obligation to examine personnel files of its law enforcement witnesses for relevant impeachment information" and indicates it "will comply with its obligations." (Gov't Response (ECF No. 125), PageID #s 2457-58.) Given this representation, the Court concludes that no further order is necessary in order for Defendants to receive the responsive discovery sought via this Motion.

**Motion for Discovery Re: Attorney Draeger (ECF Nos. 111 & 116)**

DENIED. Via this Motion, Defendants seek discovery related to the involvement of a former SEC attorney, Attorney Draeger, in the underlying SEC investigation of this matter. In April 2012, after counsel for Liberty raised concerns with the SEC that Draeger had a conflict based on her husband's work, the SEC decided "to avoid the potential for even the appearance of conflicts of interest" by removing Draeger from further participation in the SEC investigation.

(See Def. Ex. B (ECF No. 111-2), PageID # 2326.) Having reviewed all of the information submitted in connection with the Motion, the Court concludes that Defendants have failed to show that Draeger's possible involvement in the SEC investigation before May 2012 is relevant to this criminal case. For that reason, the Court DENIES this Motion for Discovery.

In short, for reasons just explained, the Court DENIES Defendants' discovery-related Motions (ECF Nos. 94, 96, 101, 108 & 111).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 2nd day of April, 2020.