# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Docket no. 2:19-cr-00030-GZS |
| MICHAEL LIBERTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR BILL OF PARTICULARS

Before the Court is the Motion for Bill of Particulars as to Count Six filed by Defendant Michael Liberty (ECF No. 110). This Motion is joined by Co-Defendant Paul Hess (ECF No. 115). For reasons briefly explained herein, the Court DENIES the Motion.

A defendant may seek a court order directing the Government to file a bill of particulars in accordance with Federal Rule of Criminal Procedure 7(f). When a defendant seeks a bill of particulars, the Court considers "whether the information requested is necessary to allow the defense to prepare its case adequately or to avoid prejudicial surprise." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 1 FED. PRAC. & PROC. CRIM. § 130 (4th ed.). The First Circuit has held that a motion for bill of particulars "need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993).

Defendants argue that the Court should require the Government to provide them more information about the alleged misrepresentations that the Government will rely upon to prove

Count Six, which charges both Defendants with securities fraud in violation of 15 U.S.C. §§ 78j(b) & 78ff(a) and 17 C.F.R. § 240.10b-5.  The alleged time period of the securities fraud charged in Count Six is "about July 2010 . . . until about 2017."  (Indictment (ECF No. 1), PageID # 10.)  In opposing Defendant's request for a bill of particulars as to Count Six, the Government has listed seven specific misrepresentations detailed in the Indictment.  (See Gov't Response (ECF No. 125), PageID #s 2460-61.)  Defendant acknowledges that a bill of particulars would be "unnecessary" if "the Government intends to rely solely on those seven specified misrepresentations in order to prove its case" as to Count Six.  (Def. Reply (ECF No. 137), PageID # 2698.)  However, Defendant maintains that there is a lack of "similar specificity" as to the Government's allegations that the Defendants "misrepresented the 'value and health' of Mozido."  (Id.)

Beyond the specificity provided in the Indictment and the Government's Response, the Government also points to the discovery already provided to Defendants.  (See Gov't Response, PageID #s 2462-63.)  Defendants counter that the discovery in this case is a proverbial "haystack" and the Count Six misrepresentations are "a needle."  (Def. Reply, PageID # 2699.)  The Court is satisfied that the volume of discovery reflects the overall complexity of the Indictment and the underlying investigation, not an attempt—deliberate or otherwise—to hide the misrepresentations that the Government intends to use to meet its burden as to Count Six.

Ultimately, the Court concludes that the Government's discovery, combined with the specificity already provided in the Indictment and the Government's Response, is sufficient to allow Defendants to prepare a defense and avoid prejudicial surprise as to Count Six.  See, e.g., United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) ("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." (internal citation and quotations omitted)); United States v. Poulin, 588 F. Supp. 2d

64, 69 (D. Me. 2008) (concluding that the Government's indictment, combined with an open-file discovery policy, complied with the law's requirements). Therefore, the Motion for Bill of Particulars as to Count Six (ECF No. 110) is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 8th day of April, 2020.