## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket no. 2:19-cr-00030-GZS |
| MICHAEL LIBERTY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ON GOVERNMENT'S RENEWED MOTION

Before the Court is the Government's Renewed Motion Regarding an Advice-of-Counsel Defense & Involvement-of-Counsel Argument (ECF No. 120).  Having considered all of the related briefing along with the entire docket, the Court GRANTS IN PART & DENIES IN PART the Government's Motion.

## I.      BACKGROUND & PROCEDURAL HISTORY

Defendants Michael Liberty and Paul Hess were indicted on February 27, 2019.  As to Liberty, the Indictment includes charges of wire fraud (Counts 2-5), securities fraud (Count 6), and money laundering (Counts 8-10), as well as two separate conspiracy counts related to wire fraud and money laundering (Counts 1 & 7).  As to Hess, the Indictment includes charges of wire fraud (Counts 2-5), securities fraud (Count 6), and one count of conspiracy to commit wire fraud (Count 1).  Due to the COVID-19 pandemic and its impact on court operations, trial in this case has been delayed and is currently set for April 2021.  (See Amended Trial Scheduling Order (ECF No. 161).)

As part of the initial pretrial motions in this case, the Government filed a sealed Motion for an Order Requiring Notice & Discovery Related to an Advice-of-Counsel Defense or Involvement-of-Counsel Argument (ECF No. 61).  After the motion was fully briefed, the Court held a conference of counsel on June 12, 2019.  Thereafter, the Court set a deadline of February 1, 2020 for each Defendant to notify the Government as to whether he intended to pursue an advice-of-counsel defense based on the discovery produced as of that date.  (See 6/12/19 Sealed Endorsement Order (ECF No. 77).)  In separate letters dated February 3, 2020, counsel for Liberty and Hess took the same position notifying the Government that their clients did not presently "intend to pursue an advice-of-counsel affirmative defense, based on the discovery produced to date," but indicated that future discovery might change their respective positions.  (Gov't Exs. A & B (ECF Nos. 120-1 & 120-2), PageID #s 2386 & 2389.)  Additionally, both Hess and Liberty reserved "all rights to make an involvement-of-counsel argument."  (Id.)  The Government's prosecution team responded to these letters by filing the pending Renewed Motion on February 18, 2020.

Prior to the Government's prosecution team filing this Renewed Motion, the Government's filter team had queued up another issue regarding attorney-client privilege and discovery in this matter; namely, the Government's filter team sought to abrogate the attorney-client privilege as to Liberty and Attorney George Marcus.  In a decision that was issued on February 12, 2020, and then unsealed on February 25, 2020, the Court concluded that the crime-fraud exception abrogated the attorney-client privilege between Liberty and Marcus for the subject matter and time period covered by the Indictment.  (See Abrogation Order (ECF No. 119), PageID # 2376.)  After allowing Defendant Liberty an opportunity to review and object to additional documents that the Government's filter team proposed to produce in accordance with this Abrogation Order, the Court

conducted a further *in camera* review that ultimately allowed the Government's filter team to complete the production of documents that were deemed no longer privileged under the crime-fraud exception.  (See Order Regarding Objections (ECF No. 162), PageID # 3054.)

Despite the production that has occurred as a result of the Abrogation Orders (ECF Nos. 119 & 162), it does not appear that these productions have mooted or otherwise prompted a change in Defendants' previously asserted reservation of rights to present an involvement-of-counsel argument.[1]  Thus, the Court proceeds to consider the Renewed Motion.

## II.    DISCUSSION

Attorney-client privilege "protects only those communications that are confidential and are made for the purpose of seeking or receiving legal advice."  In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003); see also 1 McCormick On Evid. § 93 (8th ed. 2020) ("It is the communication that is privileged, not the facts.").  However, "the attorney-client privilege cannot at once be used as a shield and a sword."  United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991).  As the First Circuit has previously explained, "a client does not normally lose the privilege as to communications with his attorney merely because he testifies at trial to the same events discussed with his lawyer."  United States v. Rakes, 136 F.3d 1, 5 (1st Cir. 1998) (citing United States v. El Paso Co., 682 F.2d 530, 538–39, n.10 (5th Cir.1982)).  Additionally, "[n]ot every passing reference to counsel will . . . trigger a waiver of the

---

[1] The Court notes that in their February 25, 2020 Joint Response (ECF No. 131), Defendants indicated that the abrogation sought by the Government's filter team had the potential to "moot this entire process and require the Defendants to change their trial strategy altogether depending on the content of those documents [that are produced as a result of the abrogation of attorney-client privilege]." Id., PageID # 2491.  However, in its Reply (ECF No. 139), the Government indicated that the initial Abrogation Order did not moot their Motion and suggested that it appeared Defendants would be seeking to invoke the involvement of other law firms not included in the Court's Abrogation Orders.  See Gov't Reply, PageID # 2712.

privilege.  Whether such a waiver is triggered necessarily depends on the facts and circumstances of the case."  United States v. Gorski, 36 F. Supp. 3d 256, 268 (D. Mass. 2014) (internal citations omitted); see also In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d at 23 (noting that implied waivers of attorney-client privilege require "fastidious sifting of the facts and a careful weighing of the circumstances").

Given the fact-specific nature of the inquiry, the Court acknowledges at the outset that any pretrial ruling is necessarily preliminary and aimed at allowing both sides to prepare for trial. Ultimately, the final decision of whether the evidence presented by Defendants results in a waiver can only be made at trial.  Nonetheless, given the interests of justice as well as the practical implications for discovery and trial preparation, the Court concludes that further delaying any ruling on the impact of Defendants' reservation would likely cause undue delay in the jury trial of this complex case.

Turning to the merits, the Government asserts in its Renewed Motion that Defendants' pretrial reservation of the right to pursue an involvement-of-counsel argument should be deemed a waiver of attorney-client privilege.  (See Gov't Mot.  (ECF No. 120), PageID # 2383.)  As a result, the Government asks the Court for an order requiring Defendants to produce "all documents or other materials relevant to making an involvement-of-counsel argument, regardless of whether the materials support or undermine that argument."  (Id.)  In response, Defendants primarily argue that an involvement-of-counsel argument that "does not reveal the substance of any privileged communications or offer testimony that he relied on his lawyer's advice" would not result in a waiver.  (Defs. Response (ECF No. 131), PageID # 2484.)

Given the previously court-ordered production and the prominent role that Attorney Marcus plays in the Indictment,[2] it is apparent that any trial in this matter will involve evidence and argument related to interactions between Defendants and counsel.  Nonetheless, Defendants suggest that, at trial, they can thread the needle by making an involvement-of-counsel argument without disclosing any confidential communications and thereby avoid an implied waiver.  More specifically, they assert that they are entitled to offer non-privileged evidence that the transactions at the center of the pending Indictment "took place through skilled attorneys, specialized in securities regulation, who drafted the underlying documents at issue."  (Defs. Response, PageID # 2489.)  As framed in their letters to the Government, based on this evidence, Defendants would seek to argue that "counsel's involvement negates [each] defendant's *mens rea*." (Gov't Exs. A & B (ECF Nos. 120-1 & 120-2), PageID #s 2386 & 2389.)

In the Court's view, Defendants propose to use the mere involvement of specialized securities counsel as a inferential sword with respect to intent.  To counter such an inference, the Government is entitled to probe the communications between these attorneys and Defendants.  It would be fundamentally unfair to allow Defendants to invoke the shield of attorney-client privilege under these circumstances.  "Put simply, a defendant cannot have it both ways; he cannot claim he relied in good faith on the advice of counsel while using the privilege to prevent inquiry into the nature of his interactions with that counsel."  United States v. Gorski, 36 F. Supp. 3d at 268. Likewise, the First Circuit has held that a client cannot "selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d at 24;  see

---

[2] As noted in the Court's prior orders, Attorney Marcus is the "Individual-1" that the Indictment describes as "an attorney at a law firm in Portland, Maine . . . [who] represented Liberty and various entities controlled by Liberty." (Indictment (ECF No. 1), PageID # 1.)

also SEC v. Mapp, No. 4:16-CV-00246, 2017 WL 8780604, at *2 (E.D. Tex. Dec. 4, 2017) (declining to allow a defendant "all the essential benefits of an inference that [his] actions were consistent with the advice he received from counsel, while at the same time prohibiting the SEC from combatting that inference.")

In short, if either Defendant intends to pursue an involvement-of-counsel argument, the Court will require that the Defendant waive attorney-client privilege as to the attorneys and matters involved and produce all materials relevant to that argument.

However, the Court recognizes that a significant amount of discovery has been produced to Defendants since this Motion was originally briefed and that the pandemic-related trial delays likely mean that both the Government and Defendants are still in the process of finalizing their trial strategies. Thus, in an exercise of its discretion, the Court believes it is appropriate to allow Defendant additional time before requiring any production in connection with a planned involvement-of-counsel argument.

To that end, if either Defendant intends to pursue an involvement-of-counsel argument, he shall identify the counsel at issue and produce all documents that relate to that argument no later than March 1, 2021.[3] A Defendant who does not complete a production by that date shall request the opportunity to make a proffer outside the hearing of the jury before presenting any involvement-of-counsel argument or related evidence at trial. At that time, counsel will be required to explain what previously unavailable evidence resulted in their change of position. If the Government contends that the evidence was available to the Defendants prior to March 1, 2021, the Court will consider limiting each Defendant's ability to pursue an involvement-of-counsel argument at trial.

---

[3] This same deadline for production applies should either Defendant change course and choose to pursue an formal advice-of-counsel defense at trial.

To the extent that either side questions whether particular testimony or documents will be admissible at trial in light of this Order, the Court encourages counsel to bring that matter to the Court's attention via a motion in limine.

### III.     CONCLUSION

For reasons just given, the Court GRANTS IN PART AND DENIES IN PART the Government's Renewed Motion (ECF No. 120).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 30th day of October, 2020.